**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | CASE NO. 1:11-cv-01896-LJO-SKO |
| Plaintiff, | **ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR DEFENDANTS** |
| v. | |
| DANIEL DE LA CERDA, et al., | (Docket No. 21) |
| Defendants. | |

## I. INTRODUCTION

On February 8, 2013, Daniel Richardson, counsel for Defendants Daniel De La Cerda and Erica De La Cerda, individually and DBA Daniel's Mexican Grill, and Daniel's Mexican Grill, LLC ("Defendants"), filed a motion to withdraw as attorney of record. (Doc. 21.) Plaintiff J&J Sports Productions, Inc. ("Plaintiff") filed a Statement of Non-Opposition. (Doc. 22.)

The Court reviewed the motion as well as the supporting documentation and found that the matter was suitable for decision without oral argument pursuant to Rule 230(g) of the Local Rules of the United States District Court, Eastern District of California ("Local Rules"); as such, the hearing on the motion was vacated. (Doc. 28.) For the reasons set forth below, counsel's motion to withdraw is GRANTED.

## II. RELEVANT PROCEDURAL HISTORY

On November 10, 2011, Plaintiff filed a complaint, alleging that Defendants violated Plaintiff's rights as the exclusive commercial domestic distributor of a televised fight program. (Doc. 1.) On January 2, 2012, Defendants filed an Answer. (Doc. 12.)

A scheduling order was issued on March 22, 2012, setting deadlines in this action, including a non-expert discovery deadline of February 15, 2013, an expert discovery deadline of August 1, 2013, a non-dispositive motion filing deadline of August 8, 2013, and a dispositive motion filing

deadline of September 12, 2013. (Doc. 18.) A pre-trial conference and bench trial were set for December 5, 2013, and January 28, 2014, respectively, before District Judge Lawrence J. O'Neill.[1]

On February 8, 2013, Mr. Richardson filed the instant Motion to Withdraw as Attorney of Record for Defendants, asserting that it has become unreasonably difficult to represent his client effectively. (Doc. 21.) On March 5, 2013, the Court issued an order requesting supplemental information to support the motion. (Doc. 25.) On March 7, 2013, Mr. Richardson provided the requested information. (Docs. 26, 27.)

### III.   DISCUSSION

Local Rule 182(d) provides specific requirements for the withdrawal of counsel where, as here, the attorney will leave the client in *propria persona*, and states:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Mr. Richardson provides a declaration indicating that, for the "past several months," he has attempted to contact his clients "to prepare their defense[,] to respond to discovery demands and to prepare them for the Court's order for settlement conference." (Doc. 21-2, Richardson Decl., ¶ 2.) However, Defendants' phone numbers "are no longer in service," they are not responding to emails, and attempts to contact them via mail have been unsuccessful. (Doc. 21-2, Richardson Decl., ¶¶ 3-4.)

Pursuant to the Court's March 5, 2013, order requiring supplemental information, counsel has provided Defendants' last known address and a Proof of Service showing that Defendants were served a copy of the instant motion. (Docs. 25-27.) Defendants have not opposed the motion, and Plaintiff has filed a Statement of Non-Opposition. (Doc. 22.)

---

[1] A settlement conference had been scheduled for February 21, 2013, before Magistrate Judge Sheila K. Oberto, but was vacated pursuant to a stipulated request from the parties. (Docs. 18, 23, 24.)

The California Rules of Professional Conduct, Rule No. 3-700(C)(1)(d) provides that an attorney may request permission to withdraw when the client engages in conduct that "renders it unreasonably difficult for [counsel] to carry out the employment effectively." Rule No. 3-700(A)(2) additionally states that a "member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D),[2] and complying with applicable laws and rules."

Here, counsel indicates that Defendants' failure to respond has made it "unreasonably difficult" for counsel "to carry out [his] representation responsibilities to both [his] client[s] and the court." (Doc. 21-1, 5:1-5.) Further, counsel has attempted to contact Defendants via mail, phone, and email, and has provided Defendants with notice of the motion. Defendants have not opposed the motion and have been afforded time to find substitute counsel. There are no pressing upcoming deadlines in this action, as the non-expert discovery deadline passed on February 15, 2013, and there is sufficient time for Defendants to obtain substitute counsel prior to the expert discovery deadline of August 1, 2013, the non-dispositive motion filing deadline of August 8, 2013, the dispositive motion filing deadline of September 12, 2013, and the trial date of January 28, 2014. (Doc. 18.) Accordingly, the Motion to Withdraw as Attorney of Record is GRANTED.

**Defendants are advised that, as corporate entities, they are required to obtain new counsel or they will be subject to default and default judgment.** Defendants Daniel De La Cerda and Erica De La Cerda are being sued both individually and DBA the business entity of Daniel's Mexican Grill; further, Daniel's Mexican Grill, LLC is also a named defendant. "[A] corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); *see also Osborn v. Bank of U.S.*, 22 U.S. (9 Wheat.) 738, 829 (1824). All artificial entities must appear in federal court through counsel. *Rowland*, 506 U.S. at 202. Additionally, Local Rule 183(a) provides: "A corporation or other entity may appear only by an attorney."

---

[2] Section 3-700(D) pertains to returning property and funds to clients.

3

As such, the Defendants are informed that their failure to obtain counsel will result in the entry of default against them and that Plaintiff will be permitted to seek default judgment. *See Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (affirming the district court's entry of default judgment based on a corporation's failure to obtain counsel). Accordingly, Defendants should seek new counsel immediately.

Defendants are thus ORDERED to retain new counsel within thirty (30) days from the date of this order; as noted, failure to obtain new counsel may result in the entry of default and default judgment against Defendants.

### IV.    CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Motion to withdraw as counsel is GRANTED;

2. Withdrawing counsel SHALL serve a copy of this order on Defendants via email and, within the body of the email, SHALL inform Defendants that counsel has withdrawn and that Defendants' failure to obtain new counsel will result in the entry of default and default judgment against them. Within two (2) days of the date of the order, withdrawing counsel SHALL provide the Court with a declaration indicating proof of service via email;

3. The Clerk of the Court is ORDERED to RELIEVE Daniel R. Richardson, Esq., of the Law Offices of Daniel Richardson as counsel for Defendants;

4. Defendants SHALL retain counsel within thirty (30) days of the date of this order, or be subject to the entry of default and default judgment; and

5. The Clerk of the Court SHALL serve a copy of this order via the United States Postal Service on Defendants at the following last known address:

   720 Vista Del Rio
   Nipomo, CA 93444

IT IS SO ORDERED.

**Dated:   March 14, 2013**            **/s/ Sheila K. Oberto**
                                                   UNITED STATES MAGISTRATE JUDGE