# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No. 1:11-cv-01896-LJO-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR COSTS AND ATTORNEYS' FEES BE GRANTED IN PART AND DENIED IN PART** |
| v. | |
| DANIEL DE LA CERDA, et al., | (Docket No. 39) |
| Defendants. | |
| _____/ | **OBJECTIONS DUE:** 14 days |

## I.  INTRODUCTION

On November 18, 2013, Plaintiff J & J Sports Productions, Inc. ("Plaintiff") filed a "Motion for Costs and Attorneys' Fees." (Doc. 39.) No opposition was filed. The Court reviewed the motion and supporting documentation and determined that the matter was suitable for decision without oral argument pursuant to Local Rule 230(g); as such, the hearing on the motion was vacated.

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's "Motion for Costs and Attorneys' Fees" be GRANTED in part and DENIED in part.

## II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On November 10, 2011, Plaintiff filed a complaint against Defendants Daniel De La Cerda, Erica De La Cerda, and Daniel's Mexican Grill, LLC ("Grill," collectively "Defendants").

(Doc. 1.) Plaintiff alleged that it is a closed-circuit distributor of sports and entertainment programming and obtained in the United States the exclusive commercial exhibition licensing rights to "*Tactical Warfare: Manny Pacquiao v. Antonio Margarito, WBC Light Middleweight Championship Fight Program*" (the "Program"), which was broadcast on November 13, 2010. Plaintiff marketed sub-licensing (commercial exhibition) rights to commercial establishment customers to permit them to show the Program. To broadcast the Program, Plaintiff required commercial establishments to pay a sublicense fee of $2,200 for seating capacity up to 100 persons. Plaintiff did not sublicense the program to Defendants, and alleged that Defendants unlawfully intercepted and exhibited the Program without payment of the commercial sub-licensing fee. (Doc. 1.)

On January 27, 2012, Defendants filed an answer. (Doc. 12.) On September 11, 2013, Grill filed a Notice of Bankruptcy, and the Court stayed the action as to Grill only. (Docs. 33, 34.) On September 12, 2013, Plaintiff filed a motion for summary judgment against Defendant Daniel De La Cerda only. (Doc. 36.) No opposition was filed, and on October 16, 2013, District Judge Lawrence J. O'Neill granted Plaintiff's motion for summary judgment and entered judgment against Daniel De La Cerda. (Doc. 37.) Additionally, Plaintiff was ordered to file a motion before Magistrate Judge Sheila K. Oberto by no later than November 18, 2013, if it sought attorney's fees and costs. (Doc. 37.)

On November 6, 2013, Plaintiff filed a Status Report indicating that the bankruptcy against Grill was dismissed and sought to reinstate the case as an active matter. (Doc. 38.) On November 8, 2013, Plaintiff filed the instant "Motion for Costs and Attorneys' Fees." (Doc. 39.) On November 19, 2013, District Judge O'Neill ordered Plaintiff to file a status report by no later than November 25, 2013, that showed good cause as to why the pretrial conference and trial dates should not be vacated, noting that the judgment granted against Defendant Daniel De La Cerda was contemplated as full and complete relief for all of Plaintiff's claims, except for attorney's fees and costs. (Doc. 40.) Plaintiff failed to file a status report. On November 26, 2013, Judge O'Neill issued an order vacating the pretrial conference and trial dates, and noted that the Court intends to close this action after a ruling on the pending attorney's fees motion. (Doc. 41.)

## III. DISCUSSION

**A.    Attorney's Fees**

Reasonable attorney's fees are recoverable under both 47 U.S.C. § 605(e)(3)(B)(iii) and 47 U.S.C. § 553(c)(2)(C). The court determines the amount of reasonable attorney's fees by applying the "lodestar" method. *Ferland v. Conrad Credit Corp.,* 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001). The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Id.* "In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1986). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  A district court should also exclude from the lodestar fee calculation any hours that were not "reasonably expended," such as hours that are excessive, redundant, or otherwise unnecessary. *See id.* at 434; *see also J & J Sports Prods., Inc. v. Napuri*, No. C 10-04171 SBA, 2013 WL 4428573, at *1 (N.D. Cal. Aug. 15, 2013).

The district court must determine a reasonable hourly rate, considering the experience, skill, and reputation of the attorney requesting fees. *Chalmers,* 796 F.2d at 1210. Reasonable hourly rates are calculated by reference to "prevailing market rates in the relevant community," with a special emphasis on fees charged by lawyers of "comparable skill, experience, and reputation." *Davis v. City of San Francisco,* 976 F.2d 1536, 1546 (9th Cir. 1992), vacated in part on other grounds by 984 F.2d 345 (9th Cir. 1993).  Generally, the forum district represents the relevant legal community. *Gates v. Deukmejian,* 987 F.2d 1392, 1405 (9th Cir. 1992); *see also Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir. 2008) (determining that "generally, the relevant community [for the prevailing market rate] is the forum in which the district court sits"); *Mendenhall v. Nat'l Transp. Safety Bd.,* 213 F.3d 464, 471, n. 5 (9th Cir. 2000), overruled on other grounds by *Gonzalez v. Arizona,* 677 F.3d 383 (9th Cir. 2012) (finding the same).

The fee applicant bears the burden of producing satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of

reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895, n. 11 (1984). "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990); *see also Napuri*, 2013 WL 4428573, at *2.

Here, Plaintiff requests a total of $5,921.25 in attorney's fees. (Doc. 39, 5:28; *see also* Riley Decl., Doc. 39-1, Exh. 1, p. 10.) These fees consist of 4.65 hours of work at $450 per hour performed by Thomas P. Riley, Esq. ("Riley"), 6 hours of work performed by an unidentified "research attorney" at $300 per hour, 3 hours of work by an unidentified paralegal at $150 per hour, 10.6 hours of work by an unidentified administrative assistant at $75 per hour, and 2.85 hours of work by an unidentified person with the initials "ASC" at $275 per hour. (Riley Decl., Doc. 39-1, Exh. 1, p. 10; *see also* Riley Decl., Doc. 39-1, ¶ 7 (providing the description of the acronyms used in the billing records and failing to include any description regarding "ASC").)

Plaintiff submits the declaration of Riley in support of its fee request and a chart describing the services rendered and hours billed. (Riley Decl., Doc. 39-1, ¶¶ 5-7 and Exh. 1.) However, the entries in the chart are not based on contemporaneous billing records; instead, "[b]illable hours for legal services [were] reconstructed by way of a thorough review of the files themselves" after services were rendered. (*See* Riley Decl., Doc. 39-1, ¶ 6.) Riley declares that, "[h]aving handled thousands of commercial signal privacy files over the last decade and a half, we are most capable of calculating billable hours for legal services rendered. Our rates for legal, administrative, and paralegal time are well within the prevailing market rates for the Central District of California." (Riley Decl., Doc. 39-1, ¶ 6.) Riley further states that he has been practicing law for over two decades, and that his firm has specialized in the civil prosecution of commercial signal piracy claims since 1994. (Riley Decl., Doc. 39-1, ¶¶ 3–4.)

"Absent the submission of detailed contemporaneous time records justifying the hours claimed to have been expended on this case, the Court gives little weight to the figures provided by Plaintiff." *Napuri*, 2013 WL 4428573, at *2; *see also Joe Hand Promotions, Inc. v. Be,* No.

4

11–CV–01333–LHK, 2011 WL 5105375, at *7 (N.D. Cal. Oct. 26, 2011) ("Without actual billing records, . . . the Court gives little weight to . . . figures" in a chart "reconstructing" billable time); *Joe Hand Promotions, Inc. v. White,* No. C 11–01331 CW (JSC), 2011 WL 6749061, at *2 (N.D. Cal. Dec. 6, 2011) ("Because the billing records were not created contemporaneously, the Court finds that they are inherently less reliable"); *Zynga Game Network Inc. v. Erkan,* No. 09–3264 SC, 2010 WL 3463630, at *2 (N.D. Cal. Aug. 31, 2010) (denying motion for attorney's fees where plaintiff failed to attach "actual billing records").

Further, Plaintiff's showing regarding the hourly rates charged by the attorneys and staff in this case is "woefully inadequate." *Napuri*, 2013 WL 4428573, at *2. Plaintiff has made no effort to demonstrate that the hourly rates charged are reasonable in the Eastern District of California. Instead, Riley declares that the rates are "well within the prevailing rates for the Central District of California," and attaches the Laffey Matrix to support this assertion, which establishes prevailing market rates in the "District of Columbia." (*See* Riley Decl., Doc. 39-1, ¶ 6 and Exh. 2.) However, the Eastern District of California is neither the Central District of California nor the District of Columbia, and Plaintiff fails to establish the prevailing market rate in the relevant legal community. *See Gates,* 987 F.2d at 1405. Plaintiff has not submitted an affidavit from any attorney that worked on this case or from any other attorney attesting to the prevailing rates in the Eastern District of California for similar services by lawyers of reasonably comparable skill, experience and reputation. *See Davis,* 976 F.2d at 1546. Similarly, Plaintiff has not submitted any evidence of hourly rate determinations in other such cases in the Eastern District of California setting the rate for the attorneys seeking fees. *See Phelps Dodge Corp.,* 896 F.2d at 407; *see also Napuri*, 2013 WL 4428573, at *2. Attorney Riley's declaration, without any supporting evidence, fails to meet Plaintiff's burden to establish that the rates sought are the prevailing market rates for the Eastern District of California.

Additionally, Plaintiff offers no information or documentation justifying the rates requested, such as the curriculum vitae, résumé, or even the identities of the individuals who worked on this case other than Attorney Riley. As such, the Court cannot determine the comparable skill, experience, and reputation of the attorneys involved. *Davis,* 976 F.2d at 1546.

There is no indication whether the unidentified independent "research attorney" who worked on this case is admitted to practice law in California and, if so, when he or she was admitted to practice. (*See* Riley Decl., Doc. 39-1.) Nor has Plaintiff provided a description of the individual's educational background or litigation experience. (*See* Riley Decl., Doc. 39-1.) Further, there is no clue given as to the identity of "ASC" or whether "ASC" is an attorney or other staff member. (*See* Riley Decl., Doc. 39-1, ¶ 7.)

Accordingly, the Court concludes that Plaintiff has failed to meet its burden to demonstrate that the requested fee award is reasonable, and RECOMMENDS that Plaintiff's request for attorney's fees be DENIED with prejudice.[1]

**B.   Costs**

Section 605 requires that the court award "full costs . . . to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii); *see also* 47 U.S.C. § 553(c)(2)(C) (A court may "direct the recovery of full costs . . . to an aggrieved party who prevails."). Here, Plaintiff seeks costs in the amount of $1,208.60, consisting of $350.00 for the complaint filing fee, $244.75 for the service of process charges, $600.00 for investigative expenses, and $13.85 in photocopying charges.

Plaintiff provides no authority for the recovery of its investigative fees, and courts have refused to award pre-filing investigative fees to the prevailing party. *See, e.g., Napuri*, 2013 WL 4428573, at *3; *Joe Hand Promotions Inc. v. Piacente*, No. C–10–3429 CW (JCS), 2011 WL 2111467, at *9 (N.D. Cal. Apr. 11, 2011); *J & J Sports Prods., Inc. v. Schrader Rest. Corp.*, 485 F. Supp. 2d 422, 424 (S.D.N.Y. 2007). Further, Plaintiff provides no documentation to support the amount sought for the service of process or photocopying charges. (*See* Riley Decl., Doc. 39-1, ¶ 8, and Exh. 1.)

---

[1] There are numerous duplicative or excessive billings entries in Plaintiff's counsel's records. (Riley Decl., Doc. 39-1, Exh. 1.) The Court dispenses of an exhaustive analysis that would be necessary to eliminate hours from the fee calculation that are excessive, redundant, or otherwise unnecessary, since the Court finds that Plaintiff has failed to meet its burden to support any fee request. Further, the Court recommends that Plaintiff not be given an opportunity to amend his motion to provide additional documentation. Riley, Plaintiff's counsel, has filed approximately 390 similar cases in the Eastern District of California alone and, as such, is aware of the need to provide sufficient documentation to support his claims. Further, other courts have also informed Riley of the need to provide documentation to support his request for attorney's fees, and have dismissed his requests for failing to do so. *See*, *e.g.*, *Napuri*, 2013 WL 4428573, at *2-*3; *Be,* 2011 WL 5105375, at *7; *White,* 2011 WL 6749061, at *2.

Accordingly, the Court finds that Plaintiff has failed to meet its to burden support its request for costs for the investigative expenses, service of process fees, and photocopying charges, and RECOMMENDS that Plaintiff's request for costs be GRANTED in part as to the $350.00 complaint filing fee only (*see* Docket), and DENIED as to all other costs.

## IV.   CONCLUSION AND RECOMMENDATION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Motion for Costs and Attorneys' Fees" be GRANTED in part and DENIED in part;
2. Plaintiff's request for attorney's fees be DENIED;
3. Plaintiff's request for costs for the $350.00 complaint filing fee be GRANTED; and
4. Plaintiff's request for costs for the investigative expenses, service of process fees, and photocopying charges be DENIED.

Within fourteen (14) days of service of this recommendation, any party may file written objections to this order with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Order." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 10, 2014**            **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE

7